SANTINI FERTILIZER Co., Plaintiff and Appellant, *v.* CRUZ PÉREZ, Defendant and Appellee.

No. 5479. Argued January 18, 1932.—Decided January 21, 1932.

*R. Buscaglia* for appellant. *A. Aponte* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

We are asked to dismiss this appeal.

In this action several pieces of property of the defendant were attached on February 18, 1927, and similarly the rents and profits thereof (*frutos*) on March 11 of the same year.

An appeal from a judgment rendered in favor of the defendant was taken on November 21, 1929. In November, 1930, and again on January 26, 1931, the appellee moved us to dismiss the appeal on the ground that the same had not been prosecuted diligently, but both motions were denied. In deciding the first motion we stated that the same was denied without prejudice to its being presented again if the delay continued in such a manner as to create the suspicion that it was done on purpose or that it was due to any desire, however slight, to injure the interests of the appellee. On April 29, 1931, this Court, of its own motion, ordered the appellant to appear and show case why the appeal should not be dismissed for want of prosecution, and after hearing the appellant, it ordered that the appeal be proceeded with. On June 2, 1931, almost two years after the appeal had been taken, the record thereof was filed in this Court, and ever since, during seven months, the appellant has been getting extensions for filing its brief on appeal, but up to the present time it has failed to do so. On January 5, 1932, the appellee filed a motion in this Court to dismiss the appeal for want of due diligence in the prosecution thereof, and two days afterward the appellant applied to us for a new extension of thirty days for filing its brief, which application we granted without prejudice to the motion to dismiss then pending a hearing. The motions for extensions for filing the brief rested on the claim that the questions involved in the appeal required a long and careful study. The attorney for the appellant was the same who represented him in the court below. The purpose of the action herein is to recover from the defendant a certain sum of money owed by a mercantile concern, on the ground that the defendant indorsed the obligation of the firm, which indorsement the lower court found had not been proved.

Irrespective of the fact that the record of the appeal was filed in this Court eighteen months after the appeal had been taken, the motions of the appellee to dismiss the appeal on that ground, which were denied, ought to have put the appellant

on notice that the appellee, whose property had been under attachment for five years, desired the appeal not to be delayed but to be prosecuted with diligence, to which he is entitled. However, the appellant, whose attorney knows from the beginning the issues involved in this litigation, wherein the ground relied on by the lower court for its judgment for the defendant was the failure to show that he had promised the plaintiff to pay the debt of a business firm—a question of fact—instead of filing a brief within the ten days established by our rules, for seven months has been seeking and obtaining extensions for the filing of such brief, giving as a reason that the issues involved require long and careful study; and, subject to the present decision, the appellant was granted a new extension to next February.

For the reasons stated and in view of the circumstances of this case, we conclude that this appeal should be dismissed for lack of due diligence in its prosecution.